JUDGE DAVID BRIONES

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

2017 OCT 25  PM 2: 50

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAN ABRAHAM NEL (1), ▓<br>▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CRIMINAL NO. EP-17-CR▓▓▓<br><br>**SEALED**<br>**INDICTMENT**<br><br>**CT 1: 18 U.S.C. § 286 - Conspiracy to**<br>**Defraud the Government;**<br>**CTS 2 - 5: 18 U.S.C. § 287 - False, Fictitious**<br>**or Fraudulent Claims;**<br>**CTS 6 - 9: 18 U.S.C. § 1343 - Wire Fraud;**<br>**CTS 10 - 17: 18 U.S.C. § 1957 – Money**<br>**Laundering.**<br><br>*Notice of Government's Demand for*<br>*Forfeiture* |

EP17CR2152

THE GRAND JURY CHARGES THAT:

## COUNT ONE
### (18 U.S.C. § 286)
### (CONSPIRACY TO DEFRAUD THE GOVERNMENT)

## INTRODUCTION AND BACKGROUND

At times material to this indictment:

1. Defendant **JAN ABRAHAM NEL** lived in El Paso, Texas.

2. Defendant ▓▓▓▓ ▓▓▓▓ ▓▓▓▓▓▓▓▓ lived in El Paso, Texas.

3. The Internal Revenue Service (IRS) was an agency of the United States Department of the Treasury responsible for enforcing and administering the tax laws of the United States and collecting taxes owed to the United States.

Beginning on or before January 19, 2016, and continuing until on or about May 2, 2016, within the Western District of Texas, JAN ABRAHAM NEL and ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ agreed, combined, and conspired to defraud the United States by obtaining and aiding to obtain the payment or allowance of false, fictitious, and fraudulent claims on behalf

of themselves and each other by submitting false claims for income tax refunds with the United States Department of Treasury through the Internal Revenue Service.

## MANNER AND MEANS

4. Defendants utilized a tax fraud scheme that involved filing fraudulent federal income tax returns and other documents, including Forms 1099-OID (Original Issue Discount), 1096, and Schedule B, with the Internal Revenue Service (IRS).

5. Defendants fabricated federal income tax withholdings on their tax returns resulting in fraudulent refund claims in the hundreds of thousands or millions of dollars.

6. The fraudulent Forms 1099-OID prepared by Defendants and submitted with their tax returns falsely state that they are "payees" who received OID income from their creditors.

7. Defendants prepared and filed tax returns reporting false income which equals or approximates the total amount of the false OID, and claimed false withholding on their IRS Form 1040.

The conspiracy was accomplished, in part, by the following acts among others:

8. On or about June 2, 2015, **JAN ABRAHAM NEL** filed and caused to be filed his 2014 federal income tax return from IP address XX.XX.XXX.188.

9. On or about June 2, 2015, ███████████ ███████████ filed and caused to be filed his 2014 federal income tax return from IP address XXX.XXX.XXX.153.

10. On or about January 19, 2016, **JAN ABRAHAM NEL** filed and caused to be filed his 2015 federal income tax return from IP address XX.XX.XXX.188.

11. On or about February 9, 2016, ███████████████ filed and caused to be filed his 2015 federal income tax return from IP address XX.XX.XXX.188.

12. In or about March 2015, **JAN ABRAHAM NEL** mailed a package addressed to "Jacob J. Lee (sic), Secretary Department of Treasury", instructing the Secretary to "charge back" his UCC "Contact Trust Account" in the amount of $100,000,000.00, and further included documents signed by ███████████████.

13. In or about March 2015, ███████████████ mailed a package addressed to "Jacob J. Lee (sic), Secretary Department of Treasury", instructing the Secretary to "charge back" his UCC "Contact Trust Account" in the amount of $100,000,000.00, and further included documents signed by **JAN ABRAHAM NEL**

14. On or about April 25, 2016, ███████████████ deposited his fraudulently obtained income tax refund check for $1,454,681.99 into his J.P. Morgan Chase bank account.

2

15. On or about April 27, 2016, ███████ ████████████████ purchased a cashier's check made out to **JAN ABRAHAM NEL** for $300,000.00.

16. On or about May 2, 2016, **JAN ABRAHAM NEL** deposited the cashier's check into an account jointly held with his wife at El Paso Teachers Federal Credit Union.

In violation of Title 18, United States Code, Section 286.

## COUNT TWO
### (18 U.S.C. §287)
### (FALSE, FICTITIOUS OR FRAUDULENT CLAIMS)

1. The allegations alleged in paragraphs 4 through 16 of the Manner and Means Section of this Indictment are re-alleged and incorporated herein as if copied verbatim.

On or about June 2, 2015, in the Western District of Texas, Defendant **JAN ABRAHAM NEL** made and presented to the United States a claim for payment of a fraudulent tax refund in the amount of $542,741, which he then and there knew to be false, fictitious, and fraudulent. **JAN ABRHAM NEL** made the false claim by electronically submitting a United States Individual Income Tax Return, Form 1040, for the tax year 2014, which claimed a refund to which the defendant knew he was not entitled.

In violation of Title 18, United States Code, Section 287.

## COUNT THREE,
### (18 U.S.C. §287)
### (FALSE, FICTITIOUS OR FRAUDULENT CLAIMS)

1. The allegations alleged in paragraphs 4 through 16 of the Manner and Means Section of this Indictment are re-alleged and incorporated herein as if copied verbatim.

On or about January 19, 2016, in the Western District of Texas, Defendant **JAN ABRAHAM NEL** made and presented to the United States a claim for payment of a fraudulent tax refund in the amount of $610,316, which he then and there knew to be false, fictitious, and fraudulent. **JAN ABRHAM NEL** made the false claim by electronically submitting a United

3

States Individual Income Tax Return, Form 1040, for the tax year 2015, which claimed a refund to which the defendant knew he was not entitled.

In violation of Title 18, United States Code, Section 287.

## COUNT FOUR
### [18 U.S.C. §287]
### (FALSE, FICTITIOUS OR FRAUDULENT CLAIMS)

1. The allegations alleged in paragraphs 4 through 16 of the Manner and Means Section of this Indictment are re-alleged and incorporated herein as if copied verbatim.

On or about June 2, 2015, in the Western District of Texas, Defendant ███████ ███████ made and presented to the United States a claim for payment of a fraudulent tax refund in the amount of $653,792, which he then and there knew to be false, fictitious, and fraudulent. ███████ ███████ made the false claim by electronically submitting a United States Individual Income Tax Return, Form 1040, for the tax year 2014, which claimed a refund to which the defendant knew he was not entitled.

In violation of Title 18, United States Code, Section 287.

## COUNT FIVE
### (18 U.S.C. §287)
### (FALSE, FICTITIOUS OR FRAUDULENT CLAIMS)

1. The allegations alleged in paragraphs 4 through 16 of the Manner and Means Section of this Indictment are re-alleged and incorporated herein as if copied verbatim.

On or about February 9, 2016, in the Western District of Texas, Defendant ███████ ███████ made and presented to the United States a claim for payment of a fraudulent tax refund in the amount of $1,473,455, which he then and there knew to be false, fictitious, and fraudulent. ███████ ███████ made the false claim by

4

electronically submitting a United States Individual Income Tax Return, Form 1040, for the tax

year 2015, which claimed a refund to which the defendant knew he was not entitled.

In violation of Title 18, United States Code, Section 287.

## COUNTS SIX and SEVEN
## (18 U.S.C. §1343)
## (WIRE FRAUD)

1. The allegations alleged in paragraphs 4 through 16 of the Manner and Means Section

of this Indictment are re-alleged and incorporated herein as if copied verbatim.

2. From on or about June 2, 2015, through in or about January 19, 2016, **JAN ABRAHAM**

**NEL** having knowingly and intentionally devised and intended to devise a scheme and artifice to

defraud, and to obtain money by means of false and fraudulent pretenses, representations, and

promises, caused to be transmitted by means of wire communication in interstate and foreign

commerce, communication, signals, and writings, *to wit* electronically filed tax returns.

## THE SCHEME AND ARTIFICE

3. Internal Revenue Service (IRS) Forms 1099-(OID) are documents used to report Original Issue Discount (OID) income and any income tax withheld on that income.

4. OID is a reportable form of taxable interest based upon the difference between the maturity and issuance price of a debt instrument.

5. OID is generally included in a taxpayer's income as it accrues over the term of the debt instrument, whether or not the taxpayer actually receives payments from the issuer of the debt instrument.

6. It was part of the scheme and artifice that **JAN ABRAHAM NEL** would claim false interest income from creditors.

7. It was part of the scheme and artifice that **JAN ABRAHAM NEL** would falsely report federal income tax withheld.

8. It was part of the scheme and artifice that **JAN ABRAHAM NEL** would file a false federal income tax return, Form 1040, for tax years 2014 and 2015, which returns falsely

reported that he received interest income and falsely reported federal income tax withheld on the income.

## WIRE COMMUNICATION

6. On or about the dates listed below, in the Western District of Texas, **JAN ABRAHAM NEL**, for the purpose of executing the scheme and artifice to defraud, transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds as described in each count below:

| Count | Date of Offense | Wire Communication |
|---|---|---|
| SIX | June 2, 2015 | Electronic Tax Return for tax year 2014, claiming a tax refund of $542,741.00 |
| SEVEN | January 19, 2016 | Electronic Tax Return for tax year 2015, claiming a tax refund of $610,316.00 |

In violation of Title 18, United States Code, Section 1343.

## COUNTS EIGHT and NINE
### (18 U.S.C. §1343)
### (WIRE FRAUD)

1. The allegations alleged in paragraphs 4 through 16 of the Manner and Means Section of this Indictment are re-alleged and incorporated herein as if copied verbatim.

2. From on or about June 2, 2015, through in or about February 9, 2016, ███████ ███████████████████ having knowingly and intentionally devised and intended to devise a scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations, and promises, caused to be transmitted by means of wire communication in interstate and foreign commerce, communication, signals, and writings, *to wit* electronically filed tax returns.

6

## THE SCHEME AND ARTIFICE

3. Internal Revenue Service (IRS) Forms 1099-(OID) are documents used to report Original Issue Discount (OID) income and any income tax withheld on that income.

4. OID is a reportable form of taxable interest based upon the difference between the maturity and issuance price of a debt instrument.

5. OID is generally included in a taxpayer's income as it accrues over the term of the debt instrument, whether or not the taxpayer actually receives payments from the issuer of the debt instrument.

6. It was part of the scheme and artifice that ███████████████████████ would claim false interest income from creditors.

7. It was part of the scheme and artifice that ███████████████████████ would falsely report federal income tax withheld.

8. It was part of the scheme and artifice that ██████████ ████████████ would file a false federal income tax return, Form 1040, for tax years 2014 and 2015, which returns falsely reported that he received interest income and falsely reported federal income tax withheld on the income.

## WIRE COMMUNICATION

6. On or about the dates listed below, in the Western District of Texas, ████████████ ████████████ , for the purpose of executing the scheme and artifice to defraud, transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds as described in each count below:

| Count | Date of Offense | Wire Communication |
|-------|-----------------|---------------------|
| EIGHT | June 2, 2015 | Electronic Tax Return for tax year 2014, claiming a tax refund of $653,792.00 |
| NINE | February 9, 2016 | Electronic Tax Return for tax year 2015, claiming a tax refund of $1,473,455.00 |

In violation of Title 18, United States Code, Section 1343.

7

### COUNT TEN
### (18 U.S.C. §1957)
### (MONEY LAUNDERING)

1. The allegations alleged in paragraphs 1 through 16 of this Indictment are re-alleged and incorporated herein as if copied verbatim.

On or about April 27, 2016, in the Western District of Texas, Defendant ▮▮▮▮ ▮▮▮▮▮▮▮▮▮ knowingly engaged and attempted to engage in a monetary transaction by, through, and to a financial institution, affecting interstate or foreign commerce, in criminally-derived property of a value greater than $10,000.00, that is Defendant ▮▮▮▮ ▮▮▮▮▮▮ transferred from his J.P. Morgan Chase account xxxxx1397, $543,000.00 to J.P. Morgan Chase account xxxxx6990, said property having been derived from a specified unlawful activity, that is "wire fraud" as charged in COUNT NINE above.

In violation of Title 18, United States Code, Section 1957.

### COUNT ELEVEN
### (18 U.S.C. §1957)
### (MONEY LAUNDERING)

1. The allegations alleged in paragraphs 1 through 16 of this Indictment are re-alleged and incorporated herein as if copied verbatim.

On or about April 27, 2016, in the Western District of Texas, Defendant ▮▮▮▮ ▮▮▮▮▮▮▮▮▮ knowingly engaged and attempted to engage in a monetary transaction by, through, and to a financial institution, affecting interstate or foreign commerce, in criminally-derived property of a value greater than $10,000.00, that is Defendant ▮▮▮▮ ▮▮▮▮▮▮ transferred from his J.P. Morgan Chase account xxxxx1397, $600,000.00 to

8

J.P. Morgan Chase account xxxxx3958, said property having been derived from a specified unlawful activity, that is "wire fraud" as charged in COUNT NINE above.

In violation of Title 18, United States Code, Section 1957.

### COUNT TWELVE
### (18 U.S.C. §1957)
### (MONEY LAUNDERING)

1. The allegations alleged in paragraphs 1 through 16 of this Indictment are re-alleged and incorporated herein as if copied verbatim.

On or about April 27, 2016, in the Western District of Texas, Defendant ███████ ████████████████ knowingly engaged and attempted to engage in a monetary transaction by, through, and to a financial institution, affecting interstate or foreign commerce, in criminally-derived property of a value greater than $10,000.00, that is Defendant ████████████ ████████████ purchased a cashier's check from his J.P. Morgan Chase account xxxxx1397 payable to **JAN ABRAHAM NEL** for $300,000.00, said property having been derived from a specified unlawful activity, that is "wire fraud" as charged in COUNT NINE above.

In violation of Title 18, United States Code, Section 1957.

### COUNT THIRTEEN
### (18 U.S.C. §1957)
### (MONEY LAUNDERING)

1. The allegations alleged in paragraphs 1 through 16 of this Indictment are re-alleged and incorporated herein as if copied verbatim.

On or about May 2, 2016, in the Western District of Texas, Defendant ████████████ ████████████ knowingly engaged and attempted to engage in a monetary transaction by,

9

through, and to a financial institution, affecting interstate or foreign commerce, in criminally-derived property of a value greater than $10,000.00, that is Defendant ███████████ ███████████ wire transferred from J.P. Morgan Chase account xxxxx6990 $50,000.00 to J.P. Morgan Chase account xxxxx8314 in the name of A.A., said property having been derived from a specified unlawful activity, that is "wire fraud" as charged in COUNT NINE above.

In violation of Title 18, United States Code, Section 1957.

### COUNT FOURTEEN
### (18 U.S.C. §1957)
### (MONEY LAUNDERING)

1. The allegations alleged in paragraphs 1 through 16 of this Indictment are re-alleged and incorporated herein as if copied verbatim.

On or about May 3, 2016, in the Western District of Texas, Defendant ███████████ ███████████ knowingly engaged and attempted to engage in a monetary transaction by, through, and to a financial institution, affecting interstate or foreign commerce, in criminally-derived property of a value greater than $10,000.00, that is Defendant ███████████ ███████████ purchased from J.P. Morgan Chase account xxxxx6990 a cashier's check payable to Crawford Buick GMC in the amount of $41,000.00, said property having been derived from a specified unlawful activity, that is "wire fraud" as charged in COUNT NINE above.

In violation of Title 18, United States Code, Section 1957.

### COUNT FIFTEEN
### (18 U.S.C. §1957)
### (MONEY LAUNDERING)

1. The allegations alleged in paragraphs 1 through 16 of this Indictment are re-alleged and incorporated herein as if copied verbatim.

10

On or about May 9, 2016, in the Western District of Texas, Defendant **JAN ABRAHAM NEL** knowingly engaged and attempted to engage in a monetary transaction by, through, and to a financial institution, affecting interstate or foreign commerce, in criminally-derived property of a value greater than $10,000.00, that is Defendant **JAN ABRAHAM NEL** purchased a cashier's check  in the amount of $152,831.00 from his El Paso Teachers Federal Credit Union account xxxxx603, payable to Stewart Title,  said property having been derived from a specified unlawful activity, that is "wire fraud" as charged in COUNT NINE above.

In violation of Title 18, United States Code, Section 1957.

## COUNT SIXTEEN
### (18 U.S.C. §1957)
### (MONEY LAUNDERING)

1. The allegations alleged in paragraphs 1 through 16 of this Indictment are re-alleged and incorporated herein as if copied verbatim.

On or about May 10, 2016, in the Western District of Texas, Defendant **JAN ABRAHAM NEL** knowingly engaged and attempted to engage in a monetary transaction by, through, and to a financial institution, affecting interstate or foreign commerce, in criminally-derived property of a value greater than $10,000.00, that is Defendant **JAN ABRAHAM NEL** purchased from his El Paso Teachers Federal Credit Union account xxxxx603 a cashier's check for $37,805.35 payable to Desert Sun Auto Group, said property having been derived from a specified unlawful activity, that is "wire fraud" as charged in COUNT NINE above.

In violation of Title 18, United States Code, Section 1957.

## COUNT SEVENTEEN
### (18 U.S.C. §1957)
### (MONEY LAUNDERING)

1. The allegations alleged in paragraphs 1 through 16 of this Indictment are re-alleged and incorporated herein as if copied verbatim.

On or about May 11, 2016, in the Western District of Texas, Defendant **JAN ABRAHAM NEL** knowingly engaged and attempted to engage in a monetary transaction by, through, and to a financial institution, affecting interstate or foreign commerce, in criminally-derived property of a value greater than $10,000.00, that is Defendant **JAN ABRAHAM NEL** purchased from his El Paso Teachers Federal Credit Union account xxxxx603 a cashier's check for $40,500.00 payable to A.M., said property having been derived from a specified unlawful activity, that is "wire fraud" as charged in COUNT NINE above.

In violation of Title 18, United States Code, Section 1957.

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
### [*See* Fed. R. Crim. P. 32.2]

This Notice of Demand for Forfeiture includes but is not limited to the properties described below in Paragraph III.

### I.
## FORFEITURE STATUTES FOR WIRE FRAUD
### [18 U.S.C. § 981(a)(1)(C), made applicable by 28 U.S.C. § 2461(c)]

As a result of the foregoing criminal violations set forth in Counts Six through Nine, which are punishable by imprisonment for more than one year, the United States gives notice that it intends to forfeit, but is not limited to, the below-listed properties from Defendants **JAN ABRAHAM NEL** and ████████ ████████. Defendants shall forfeit all right,

title, and interest in said properties to the United States pursuant to FED. R. CRIM. P. 32.2 and 18

U.S.C. § 981(a)(1)(C), made applicable by 28 U.S.C. § 2461(c), which states:

### 18 U.S.C. § 981.  Civil Forfeiture
(a)(1)  The following property is subject to forfeiture to the United States:
(C)  Any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

## II.
## FORFEITURE STATUTES FOR MONEY LAUNDERING
## [18 U.S.C. § 982(a)(1)]

As a result of the foregoing criminal violations set forth in Counts Ten through Seventeen,

which are punishable by imprisonment for more than one year, the United States gives notice that

it intends to forfeit, but is not limited to, the below-listed properties from Defendants **JAN**

**ABRAHAM NEL** and ███████████████████████. Defendants shall forfeit all right,

title, and interest in said properties to the United States pursuant to FED. R. CRIM. P. 32.2 and 18

U.S.C. § 982(a)(1), which states:

### 18 U.S.C. § 982.  Criminal Forfeiture
(a)(1)  The court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

## III.
## PROPERTIES
## REAL PROPERTY

Real Property Located at 905 Danny Sanchez Place, Anthony, Texas 79821, including any and all buildings, appurtenances, and improvements thereon and any and all surface rights, title, and interests, if any, and more fully described as:

Lot 30, Block 1, Wildcat Unit Four, A subdivision in El Paso County, Texas, according to the plat thereof recorded in clerk's file no. 20140058280, real property of El Paso County, Texas.

13

## PERSONAL PROPERTY

2016 Chevrolet Colorado, bearing Vehicle Identification Number 1GCGTDE35G1240889.

## MONEY JUDGMENT

A sum of United States currency representing the amount of proceeds and/or property, real or personal, involved in or traceable to the violations of 18 U.S.C. §§ 1343 and 1957, for which the Defendants are individually liable.

## SUBSTITUTE ASSETS

If any of the above described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred from or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), of any other property of said Defendants up to the value of the above-described forfeitable property.

A TRUE BILL

ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002

_____
FOREPERSON OF THE GRAND JURY

RICHARD L. DURBIN, JR.
UNITED STATES ATTORNEY

BY: _____
Assistant U.S. Attorney

14