# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 21, 2021

Lyle W. Cayce
Clerk

No. 19-51028

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

JAN ABRAHAM NEL,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CR-2152-1

Before HAYNES, HIGGINSON, and OLDHAM, *Circuit Judges.*

PER CURIAM:*

Jan Abraham Nel pleaded guilty to wire fraud. As part of his sentence, the district court ordered him to pay $448,170.14 in restitution. On appeal, Nel argues that the restitution amount violated the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. For the reasons below, we AFFIRM.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-51028

## I.   Background

Nel and his business partner, Manuel Isaac Garciagadoy, entered into a scheme to defraud the U.S. Government by claiming large income tax refunds for the 2014 and 2015 tax year. Both Nel and Garciagadoy knew at the time of their respective filings that the amounts claimed as interest income and income tax withholdings were fraudulent. Although Nel never received a tax refund, Garciagadoy received one for $1,454,681.99 from the Internal Revenue Service ("IRS") for his 2015 tax return. Several days later, the IRS reversed payment and recovered $1,006,511.85 from Garciagadoy. However, Garciagadoy had already spent $430,785.37 on various expenditures, including a $41,000 Buick Enclave. Relevant here, the Buick was later seized by the IRS.

Nel eventually pleaded guilty to one count of wire fraud. As part of his plea agreement, he agreed to provide full restitution to all charges contained in the indictment and forfeit certain assets (not including the Buick). After adopting Nel's presentence investigation report in full, the district court sentenced Nel to 46 months in prison, three years of supervised release, and ordered him to pay $448,170.14 in restitution, jointly and severally with Garciagadoy, for the difference between the amount Garciagadoy received in tax refund and the amount the IRS recovered. Nel did not object to the restitution amount at his sentencing hearing. Shortly after, Nel timely appealed.

## II.   Standard of Review

The district court resolves any disputes as to the amount of restitution owed based on a preponderance of evidence. 18 U.S.C. § 3664(e). The Government has the burden of demonstrating the amount of loss sustained by a victim as a result of the offense. *Id.* "On occasion, however, we have shifted to the defendant the burden to show any entitlement to a credit for

No. 19-51028

value bestowed on the victim." *United States v. De Leon*, 728 F.3d 500, 506 (5th Cir. 2013).

We review an unpreserved restitution award argument for plain error.[1] *See United States v. Maturin*, 488 F.3d 657, 659–60 (5th Cir. 2007). To demonstrate plain error, a defendant must show that "(1) there is an error, (2) the error is clear or obvious, and (3) the error affects his substantial rights." *United States v. Coil*, 442 F.3d 912, 916 (5th Cir. 2006). If those conditions are met, this court may grant relief if "the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Ibarra*, 465 F.3d 596, 606 (5th Cir. 2006).

## III.   Discussion

On appeal, Nel raises a sole issue: whether the district court's failure to credit the value of the Buick, forfeited[2] and seized by the IRS, resulted in a restitution order that exceeds the amount permitted under the MVRA. According to Nel, allowing the IRS to receive restitution and forfeiture would result in an impermissible "double recovery" because both remedies would be going to the same victim—the IRS—without a reduction in the restitution amount. Nel maintains that a reduction was required because the Buick was "returned" to the IRS. *See* 18 U.S.C. § 3663A(b)(1). Because the MVRA does not allow a court to award restitution greater than the victim's actual loss, *see United States v. Sharma*, 703 F.3d 318, 322 (5th Cir. 2012), Nel

---

[1] We do not apply a harmless error analysis to restitution "because an order of restitution must be limited to losses caused by the specific conduct underlying the offense of conviction." *De Leon*, 728 F.3d at 507 (quotation omitted).

[2] Nel does not contest the Government's assertion that the Buick was administratively forfeited.

concludes that the district court's restitution order is unlawful. We disagree with Nel's characterization.

It is important to recognize that forfeiture and restitution are distinct legal remedies with different purposes. *United States v. Taylor*, 582 F.3d 558, 566 (5th Cir. 2009) (per curiam). Forfeiture is a punitive remedy, which aims to disgorge "any ill-gotten gains from a defendant." *Id.* (quotation omitted). In contrast, restitution is remedial in nature and "operates to make the victim of the crime whole." *Id.* (quotation omitted). Because they serve distinct purposes, an order for both restitution and forfeiture is permissible, even if the Government is the recipient of both sums. *Id.*

The parties do not dispute these general principles; instead, they disagree about the application of these principles to the facts of this case. Nel argues that, unlike previous cases, this situation does not involve distinct Government entities receiving the forfeited asset and the restitution award— here, the IRS seized the forfeited Buick and is entitled to restitution as the victim of the offense. Consequently, Nel maintains that the IRS will receive a double recovery through both forfeiture and restitution.

Despite Nel's double recovery assertion, he has not provided any proof that *seizing* the Buick was equivalent to permanently *keeping* its proceeds. In the absence of such evidence, we need not decide the question of whether restitution and forfeiture to the same governmental entity results in a double recovery.[3] *See id.* at 567 ("Generally, courts decline to offset

---

[3] Nel's citation to *United States v. Ruff*, 420 F.3d 772 (8th Cir. 2005) does not compel a different conclusion. In *Ruff*, the defendant "attempted to establish enforcement of the court's restitution order would result in a double recovery" and asked whether the forfeited asset had been sold. *Id.* at 776. Here, Nel merely observed "[t]he exact value of the seized asset . . . [wa]s uncertain." Given the lack of evidence that Nel attempted to establish a double recovery and the more deferential plain error standard of review, *Ruff* is distinguishable on these grounds.

No. 19-51028

restitution when there is no evidence that doing so would result in double recovery to the victim."). Nor does he cite to controlling precedent that would make such an award erroneous—much less plainly erroneous—under the circumstances presented in this case.[4] *See United States v. Jordan*, 945 F.3d 245, 254 (5th Cir. 2019) (acknowledging that an error is clear and obvious, for the purpose of plain error review, only "if controlling circuit court or Supreme Court precedent has clarified that the action, or inaction is an error"), *cert. denied*, 140 S. Ct. 2698 (2020), *and cert. denied sub nom. Wise v. United States*, No. 20-5692, 2020 WL 6037392 (U.S. Oct. 13, 2020).

In light of the highly deferential standard of review, we AFFIRM the district court's order of restitution.

---

[4] Nel also fails to demonstrate that the district court has the authority to offset the restitution order under the circumstances presented for review. *See United States v. Sanjar*, 876 F.3d 725, 750–51 (5th Cir. 2017) (agreeing with other circuits that "a district court is without statutory authority to offset restitution with amounts forfeited" because the MVRA requires courts to order full restitution without an exception for amounts forfeited); *see also* 18 U.S.C. §§ 3663A, 3664.

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 21, 2021

Lyle W. Cayce
Clerk

No. 19-51028

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

JAN ABRAHAM NEL,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CR-2152-1

Before HAYNES, HIGGINSON, and OLDHAM, *Circuit Judges.*

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

Certified as a true copy and issued
as the mandate on Feb 12, 2021

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

# *United States Court of Appeals*
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

February 12, 2021

Ms. Jeannette Clack
Western District of Texas, El Paso
United States District Court
525 Magoffin Avenue
Room 108
El Paso, TX 79901-0000

        No. 19-51028    USA v. Nel
                        USDC No. 3:17-CR-2152-1

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        *Renee McDonough*

                        By: _____
                        Renee S. McDonough, Deputy Clerk
                        504-310-7673

cc:
    Mr. Bradford W. Bogan
    Ms. Maureen Scott Franco
    Mr. Joseph H. Gay Jr.
    Ms. Laura G. Greenberg
    Mr. Mark Tindall